UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rebecca Driscoll,                                                Civil No. 10-4885 (JRT/FLN)

        Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION**

Stewart, Zlimen & Jungers, Ltd.,

        Defendant.

---

Amber N. Garry for Plaintiff.
Brad D. Welp for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 8, 2011 on Defendant's Motion to Dismiss (ECF No. 2). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends the motion be **GRANTED** and the case be **DISMISSED with prejudice**.

### I.   BACKGROUND

On or about August 15, 2008, Main Street Acquisition Corp., represented by Stewart, Zlimen & Jungers, Ltd. ("Defendant"), obtained a judgment against Rebecca Driscoll ("Plaintiff") in a case filed in Minnesota District Court for the County of Wright. (Compl. ¶¶ 14–17.) At some point thereafter, Defendant sent a document entitled "Execution Exemption Notice and Notice of Intent to Levy on Earnings" to Plaintiff by mail. (*See* Compl. ¶ 18 and Ex. A.) On or about September 22, 2010, Plaintiff completed and submitted an exemption form as instructed by the

notice. (*See* Compl. ¶ 22.) Plaintiff indicated on the exemption form that she was a recipient of Fuel and Energy Assistance. (Compl. ¶ 23.) Between September 2010 and November 2010, Plaintiff's employer withheld funds pursuant to a garnishment summons. (Compl. ¶¶ 26–30.) On December 15, 2010, Plaintiff filed the complaint in the instant matter alleging that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") by garnishing her wages "despite being cognizant that [Plaintiff's] wages were legally exempt from garnishment." (Compl. ¶ 25.) There is no dispute that Defendant has since returned the garnished wages to Plaintiff. Defendant has now moved to dismiss.

## II.   RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct

alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. LEGAL ANALYSIS

In order to survive the instant motion to dismiss, Plaintiff's claims against Defendant must be facially plausible. *Iqbal*, 129 S. Ct. at 1949. The facts alleged must allow this Court to draw a reasonable inference that Defendant is liable to Plaintiff for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendant's liability to Plaintiff for a violation of the FDCPA.

Plaintiff argues that, despite Defendant's compliance with Minnesota garnishment law, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and (10)[1] and 1692f(1).[2] The facts alleged, however,

---

[1] 15 U.S.C. § 1692e states, in part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . .

(2) The false representation of— (A) the character, amount, or legal status of any debt; . . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . ." 15 U.S.C. § 1692e(2) and (10).

[2] 15 U.S.C. § 1692f states, in part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law . . . ." 15 U.S.C. § 1692f(1).

do not permit a reasonable inference that Defendant violated the FDCPA. In her complaint, Plaintiff claims that Defendant violated the FDCPA by using false, deceptive, misleading and unfair or unconscionable means to collect a debt and that Defendant attempted to collect funds from Plaintiff with no lawful authority to do so. (*See* Compl. ¶ 31.) Minnesota garnishment law, however, provided the authority for Defendant to initiate the garnishment proceeding at issue. *See* Minn. Stat. § 571.71. In fact, Minnesota statute itself prescribes the format for the notice utilized by Defendant. *See* Minn. Stat. § 571.925. In light of its substantial compliance with the statutory requirements, the Court finds that the notice sent by Defendant (Defendant's sole means of communication with Plaintiff) was neither false nor deceptive. The notice instructed Plaintiff that to "claim an exemption, you should fill out the appropriate form below, sign it, and send it to the creditor's attorney and the garnishee." (Compl. Ex. A.) The notice also advised Plaintiff: "Be advised that even if you claim an exemption, a garnishment summons may still be served on your employer. If your earnings are garnished after you claim an exemption, you may petition the court for a determination of your exemption." (Compl. Ex. A.) The notice, therefore, informed Plaintiff that, despite an exemption claim, her wages may still be garnished in accordance with Minnesota law. *See* Minn. Stat. § 571.926. Moreover, the notice contained the precise requirements set out by Minnesota statute. *See* Minn. Stat. § 571.925. Regardless of whether or not Defendant was "cognizant" of Plaintiff's exemption, the Court cannot reasonably infer that Defendant utilized deceptive or unconscionable means to collect the debt based on the facts alleged in the complaint, especially in light of Defendant's compliance with the requirements of Minnesota statute.

Minnesota's garnishment statutes contemplate that exempt wages may be garnished and provide a state court remedy for adjudicating exemption claims. *See* Minn. Stat. §§ 571.72, 571.925 and 571.926. Minnesota law further permits sanctions to be issued against a creditor that disregards

an exemption claim in bad faith. Minn. Stat. § 571.72, subd. 6. There is no dispute that Defendant pursued a garnishment in compliance with Minnesota law. If Defendant disregarded Plaintiff's exemption claim in bad faith, Plaintiff was entitled to pursue a legal remedy under Minnesota statute. Because Plaintiff, however, alleges no facts in her complaint to support her claim that Defendant had no legal authority to collect the debt or that Defendant utilized false, deceptive, misleading and unfair or unconscionable means to collect the debt, the complaint fails to state a claim upon which relief may be granted. Nothing alleged by Plaintiff permits a reasonable inference that Defendant violated the FDCPA. The motion to dismiss must, therefore, be granted.

## IV.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (ECF No. 2) be **GRANTED**;

2. This matter be **DISMISSED with prejudice**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


DATED: June 15, 2011               *s/ Franklin L. Noel*
                                   FRANKLIN L. NOEL
                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 29, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **June 29, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.